IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRI NGUYEN,

      Plaintiff,                  No. 2:08-cv-2983 JAM JFM (PC)

   vs.

JOSEPH BICK, et al.,

      Defendants.          <u>ORDER</u>

                        /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On August 8, 2009, plaintiff filed a letter seeking the court's assistance because he has been harassed and beaten in prison and that CMF doctors are administering "psych medications and poison to hurt [him]." (<u>Id.</u> at 4.) Plaintiff seeks court assistance to file three more cases in this court.

        First, plaintiff is cautioned that he must exhaust his administrative remedies at the prison prior to filing a lawsuit in federal court.

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

1

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.) It is unclear from plaintiff's filing whether he has completed the administrative grievance process on his three potential cases.

The issues raised in plaintiff's filing, however, do not bear relevance to the instant action because it concerns defendants' failure to provide plaintiff with back surgery. Accordingly, plaintiff must file new actions to address the claims raised in his August 13, 2009 filing. Plaintiff is advised that the court cannot offer legal advice or assistance in the filing of his cases. The court can, however, provide plaintiff with the forms necessary to do so.

To the extent plaintiff seeks the appointment of counsel to represent him in the instant action, his request is denied for the same reasons cited in this court's May 29, 2009 order denying plaintiff's May 5, 2009 request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 13, 2009 motion for the appointment of counsel is denied.

/////

/////

...

       2. The Clerk of the Court is directed to send plaintiff three forms necessary to file a civil rights action pursuant to 42 U.S.C. § 1983 and three applications to proceed in forma pauperis.

DATED: August 24, 2009.

                                       UNITED STATES MAGISTRATE JUDGE

/mp/001
nguy2983.31(2)