IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRI NGUYEN,

       Plaintiff,                  No. 2:08-cv-2983 JAM JFM (PC)

   vs.

JOSEPH BICK, et al.,

       Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

       On April 24, 2009, the court ordered the United States Marshal to serve process upon defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendants in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

/////

1

On December 8, 2009, the United States Marshal filed a return of service with a USM-285 form showing total charges of $74.25 for effecting personal service on defendant N. Grannis and $74.25 for effecting personal service on defendant J. Bick.  The form shows that a waiver of service form was mailed to these defendants on May 20, 2009, and that no response was received.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The court finds that defendants Grannis and Bick were given the opportunity required by Rule 4(d)(2) to waive service and have failed to comply with the request.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendant Grannis shall pay to the United States Marshal the sum of $74.25, unless within that time defendant files a written statement showing good cause for his failure to waive service.  The court does not intend to extend this fourteen day period.

2. Within fourteen days from the date of this order defendant Bick shall pay to the United States Marshal the sum of $74.25, unless within that time defendant files a written statement showing good cause for his failure to waive service.  The court does not intend to extend this fourteen day period.

/////

1       3. The Clerk of the Court is directed to serve a copy of this order on the U.S.
2 Marshal.
3 DATED: December 10, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; nguy2983.tax